MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

STEPHEN MEYER (CABN 263954)
Assistant United States Attorney

450 Golden Gate Ave., Box 36055
San Francisco, California 94102
Telephone: (415) 436-7200
Fax: (415) 436-7234
E-Mail: Stephen.Meyer@usdoj.gov

Attorneys for United States of America

FILED

DEC 03 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-12-00407 CW |
| Plaintiff, | ) ) | PLEA AGREEMENT |
| v. | ) ) | |
| JARVIS TOUSSAINT, | ) ) | |
| Defendant. | ) ) ) | |

I, JARVIS TOUSSAINT, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written plea agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1.    I agree to plead guilty to Counts Two and Three of the captioned Indictment charging me with Conspiracy to Commit Robbery Affecting Interstate Commerce, in violation of 18 U.S.C. § 1951(a), and Possessing a Firearm in Furtherance of a Crime of Violence, in

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

violation of 18 U.S.C. §§ 924(c) and 2.

I agree that the elements of 18 U.S.C. § 1951(a) as charged in Count Two of the Indictment are as follows:

(1) I unlawfully, willingly, and intentionally conspired with another person to commit robbery as that term is defined in 18 U.S.C. § 1951(b)(1).

(2) The robbery that was the object of the conspiracy affected, or would have affected if completed, interstate or foreign commerce.

I agree that the maximum penalties for 18 U.S.C. § 1951(a) are as follows:

a. Maximum prison term: 20 years

b. Maximum fine: $250,000

c. Maximum supervised release term: 3 years

d. Restitution to any identifiable victims

e. Mandatory special assessment: $100

f. Forfeiture: a Browning, model Sweet Sixteen, 16-gauge shotgun, with serial number 53077; a Russian made, model SKS-45, 7.62 x 39 caliber rifle, with serial number RH220848; a Glock, Model 23, .40 caliber pistol, with serial number KCG275; a Beretta, model PX4 Storm, .40 caliber pistol, with serial number PY26309; a Sig-Sauer, model P226, 9mm pistol, with serial number U141770; 20 live rounds of .40 caliber ammunition; and 21 live rounds of 9 mm ammunition.

I agree that the elements of 18 U.S.C. § 924(c) as charged in Count Three of the Indictment are as follows:

(1) I committed a crime of violence, to wit, the conspiracy to commit robbery charged in Count Two of the Indictment.

(2) I carried a firearm during and in relation to that robbery conspiracy and possessed a firearm in furtherance of that robbery conspiracy, or aided and abetted others who did so.

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

I agree that the maximum penalties for 18 U.S.C. § 924(c) are as follows:

    a.    Maximum prison term: Life

    b.    Mandatory minimum term of imprisonment: 5 years, to be imposed consecutive to any other term of imprisonment

    c.    Maximum fine: $250,000

    d.    Maximum supervised release term: 5 years

    e.    Restitution to any identifiable victims

    f.    Mandatory special assessment: $100

I understand that under 18 U.S.C. § 924(c) I am subject to a mandatory consecutive sentence of five years of imprisonment for that violation in addition to any sentence I may receive for the other violation to which I am pleading guilty.

I understand that I am pleading guilty to multiple violations and that the Court will order that my sentence for each violation run consecutively.

2.    I agree that I am guilty of the offenses to which I am pleading guilty, and I agree that the following facts are true:

    a.    From at least May 2, 2012, until May 10, 2012, I agreed with Kieron Carr to rob a cocaine stash house in Oakland, California, of five kilograms or more of cocaine using firearms in the commission of the robbery. I believed that the cocaine that was the target of our purported robbery plot traveled in interstate and foreign commerce, and that it originated from Mexico.

    b.    On May 2 and May 7, 2012, I attended and actively participated in meetings to plan the robbery of the cocaine stash house. During both meetings, I agreed to participate in the robbery, and I also agreed to use firearms in the commission of the robbery.

    c.    On May 10, 2012, at my direction, an individual delivered to me a Glock, Model 23, .40 caliber pistol, with serial number KCG275, which I intended to use during the robbery. On May 10, 2012, at my direction, Delvon Smith delivered a Beretta, model PX4 Storm, .40 caliber pistol, with serial number PY26309, to Kieron Carr in my presence, which was to be used by Carr in the commission of the robbery. On May 10, 2012, at my direction, Lance Green brought a firearm to a meeting with me and Carr. On May 10, 2012, Carr, Green, and I traveled together in a car, each of us armed with a firearm. My understanding was we were on our way to rob the cocaine stash house. I carried and possessed the Glock firearm that was to be used in furtherance of the robbery.

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

d.      I also was involved in selling firearms prior to the planned robbery. On April 27, 2012, Oscar Vilanova and I arranged to sell a .45 caliber handgun for $700 to an individual who I later learned was an undercover ATF agent (the "UC"), but the handgun was not delivered. On May 1, 2012, Oscar Vilanova and I sold the UC a Russian made, model SKS-45, 7.62 x 39 caliber rifle, with serial number RH220848, for which the UC paid $400.

3.      I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

4.      I agree to give up my right to appeal my conviction, the judgment, and orders of the Court. I also agree to waive any right I have to appeal any aspect of my sentence, including any orders relating to forfeiture and or restitution.

5.      I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective in connection with the negotiation of this Agreement or the entry of my guilty plea. I also agree not to seek relief under 18 U.S.C. §3582.

6.      I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. I understand that by entering into this Agreement: (a) I agree that the facts set forth in Paragraph 2 of this Agreement shall be admissible against me under Fed. R. Evid. 801(d)(2)(A) in any subsequent proceeding, including at trial, in the event I move to withdraw my guilty plea to the charge in the Indictment, and (b) I expressly waive any and all rights under Fed. R. Crim. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of this Agreement in such subsequent proceeding. I understand that the government will not preserve any physical evidence obtained in this case.

7.      I agree that the Court will use the Sentencing Guidelines to calculate my sentence. I understand that the Court must consult the Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I agree that regardless of

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

4

the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. The parties have reached no agreement with respect to the calculation of the Sentencing Guidelines applicable to me nor my Criminal History. However, the government has agreed not to advocate for a sentence above the Sentencing Guidelines range that it believes is applicable at the time of sentencing. While I may argue for a sentencing variance pursuant to the factors set forth in 18 U.S.C. § 3553(a), I understand that the government reserves its right to oppose any such variance.

8. I agree that regardless of any other provision of this Agreement, the government may and will provide the Court and the Probation Office with all information relevant to the charged offenses and the sentencing decision. I agree that, based on the nature of the offenses and my criminal history, the Court should impose the following special condition of supervised release which is reasonably related to deterrence and rehabilitation:

Special Condition (Searches)

The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. I agree to pay restitution for all the losses caused by all the schemes or offenses with which I was charged in this case, and I agree that the amount of restitution will not be limited to the loss attributable to the counts to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). I agree that any fine, forfeiture, or restitution imposed by the Court against me will be immediately due and payable and subject to immediate collection by the government and I understand that the government may seek immediate collection of the entire fine, forfeiture, or restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office. I agree that I will make a good faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. Before or after sentencing, I will upon request of the Court, the government, or the Probation Office, provide accurate and complete financial

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

5

information, submit sworn statements and give depositions under oath concerning my assets and my ability to pay, surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution.  I agree to pay the special assessment at the time of sentencing.

10.    I agree not to commit or attempt to commit any crimes before sentence is imposed or before I surrender to serve my sentence.  I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and to comply with any of the other promises I have made in this Agreement.  I agree not to have any contact with any victims or witnesses in this case, either directly or indirectly, before and after I am sentenced.  This includes, but is not limited to, personal contact, telephone, mail, or electronic mail contact, or any other written form of communication, and includes any harassing, annoying, or intimidating conduct by me directed to any victims or witnesses.  I agree that the Court may also include this no-contact provision as a condition of my supervised release term.  I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in the Government's Promises Section below, but I will not be released from my guilty plea.

I agree to remain in the custody of the United States Marshal pending my sentencing.

11.    I agree to forfeit my interest, if any, in the following property (hereinafter "subject property"):

    a.    a Browning, model Sweet Sixteen, 16-gauge shotgun, with serial number 53077;

    b.    a Russian made, model SKS-45, 7.62 x 39 caliber rifle, with serial number RH220848;

    c.    a Glock, Model 23, .40 caliber pistol, with serial number KCG275;

    d.    a Beretta, model PX4 Storm, .40 caliber pistol, with serial number PY26309;

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

e.    a Sig-Sauer, model P226, 9mm pistol, with serial number U141770;

f.    20 live rounds of .40 caliber ammunition; and

g.    21 live rounds of 9 mm ammunition.

I admit that the subject property was involved in the offense, and thus is forfeitable to the United States pursuant to the provisions of 18 U.S.C. § 924(d) and the procedures outlined in Rule 32.2 of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853. I relinquish any and all right, title, and interest I may have in the subject property and agree that such right, title, and interest can be forfeited to the United States without further notice to me. I also agree I will not contest any administrative or judicial forfeiture proceeding (whether criminal, civil, state or federal) which may be brought against said property. I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Agreement on any ground, including that the forfeiture constitutes an excessive fine or punishment or that the forfeiture proceeding was brought in violation of the statute of limitations.

I agree to abandon any interest that I may have and consent to the forfeiture, destruction and/or any other lawful and appropriate disposition of all firearms or contraband seized by any law enforcement agency from my possession, or that were in my direct or indirect control, including but not limited to: a Browning, model Sweet Sixteen, 16-gauge shotgun, with serial number 53077; a Russian made, model SKS-45, 7.62 x 39 caliber rifle, with serial number RH220848; a Glock, Model 23, .40 caliber pistol, with serial number KCG275; a Beretta, model PX4 Storm, .40 caliber pistol, with serial number PY26309; a Sig-Sauer, model P226, 9mm pistol, with serial number U141770; 20 live rounds of .40 caliber ammunition; and 21 live rounds of 9 mm ammunition.

12.    I agree that this Agreement contains all of the promises and agreements between the government and me, and supersedes any other agreements, written or oral. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

13.    I agree that the Agreement binds the U.S. Attorney's Office for the Northern

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

7

District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

14.     The government agrees to move to dismiss any open charges pending against the defendant in the captioned Indictment at the time of sentencing.

15.     The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Indictment.

16.     The government agrees to recommend a sentence within the Guideline range that it believes is applicable at the time of sentencing, unless the defendant violates the terms of the Agreement above or fails to accept responsibility.

The Defendant's Affirmations

17.     I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

18.     I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

19.     I confirm that my decision to enter a guilty plea is made knowing the charges that have been brought against me, any possible defenses, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 12/3/12

Jarvis Toussaint
Defendant


MELINDA HAAG
United States Attorney

Dated: December 3, 2012

Stephen J. Meyer
Assistant United States Attorney

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

8

20.     I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement.  In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated:  12/3/12

Ned Smock
Attorney for Defendant

PLEA AGREEMENT JARVIS TOUSSAINT
CR 12-00407 CW

9